Matthew A. Steward (#7637)
Wayne Z. Bennett (#8521)
Brian D. Tuttle (#16974)
CLYDE SNOW & SESSIONS
One Utah Center, 22nd Floor
201 South Main Street
Salt Lake City, Utah  84111-2216
Telephone:     (801) 322-2516
Facsimile:      (801) 521-6280
mas@clydesnow.com
wzb@clydesnow.com
bdt@clydesnow.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DAMON LILLY, an individual; <br><br> Plaintiff, <br><br> v. <br><br> PEBBLEKICK, INC., a Nevada corporation, <br><br> Defendant. | **COMPLAINT AND JURY DEMAND** <br><br><br> Case No. 2:22-cv-00201-CMR |

Damon Lilly ("Mr. Lilly" or "Plaintiff"), by and through his undersigned attorneys of record hereby complain against Pebblekick, Inc. ("Defendant" or "Pebblekick") and in support thereof alleges as follows:

**PARTIES**

1. Damon Lilly is an individual who resides in Wilmington, New Hanover County, North Carolina.

2. On information and belief, Defendant Pebblekick is a Nevada corporation with its headquarters in California.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is among citizens of different states.

4. This Court has personal jurisdiction over Pebblekick because it has transacted business within the state of Utah and otherwise has sufficient minimum contacts within the State.

5. Venue in this Court is proper pursuant to pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6. Pebblekick is an online content service provider that "licenses, develops and delivers entertainment content using proprietary content management tools and OTT delivery platforms."

7. In late 2019 and early 2020, Pebblekick's CEO, Don Shiroishi, solicited investments from individuals outside of the Pebblekick organization, including investments from the Plaintiff to this Action, to facilitate the purchase of certain media-related intellectual property rights (the "IPs").

8. During that time, Pebblekick, through Shiroishi's efforts, solicited collective investments through the execution of promissory notes and other agreements with Mr. Lilly (the "Note") which has a total current value of approximately $2,681,721.60 and has never been repaid.

9. In reliance on Defendant's representations, Plaintiff invested substantial sums with the Company to assist it with the acquisition of media intellectual property rights (the "IPs").

## The Lilly Note

10. In July and October 2019, Mr. Lilly and Pebblekick entered into an agreement whereby Lilly agreed to loan Pebblekick $300,000.00 for the purpose of Pebblekick's acquisition of the IPs (the "Lilly Agreement").

11. Under the Lilly Agreement, the principal amount and interest were due on or before April 19, 2020.

12. Over the course of several months, Pebblekick paid Mr. Lilly $79,680.00 but failed to make any additional payments as required by the Lilly Agreement.

13. Pebblekick failed to repay the remaining balance under the Lilly Agreement on or before April 19, 2020 as agreed.

14. Upon Pebblekick's failure, Mr. Lilly demanded repayment of the sums due under the Lilly Agreement.

15. In response to a demand for repayment, Mr. Lilly was promised that he would receive 1% interest per day on the remaining amounts due, which was to commence on April 19, 2020. Mr. Lilly and Mr. Shiroishi agreed to a monthly repayment plan which would span from October 2020 through February 2020 (the "Lilly Repayment").

16. Despite these promises, Pebblekick failed to repay all sums due under the Lilly Agreement and has completely failed to make the remaining payments due to Mr. Lilly under the Lilly Agreement and the Lilly Repayment.

17. As of March 10, 2022, Pebblekick's outstanding balance to Mr. Lilly is $2,681,721.60.

**FIRST CAUSE OF ACTION**
**(Breach of Contract – Lilly Note)**

18. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though specifically set forth herein.

19. The Lilly Note and the Lilly Repayment together constitute a valid and binding contract between Mr. Lilly and Pebblekick.

20. Mr. Lilly fully performed his obligations under the Lilly Note by advancing the sums due thereunder to Pebblekick.

21. Pebblekick benefitted from the funds advanced by Mr. Lilly and, on information and belief, used the funds to purchase IPs or to otherwise benefit its business.

22. Pebblekick materially breached and continues to breach the Lilly Note by failing to pay the amounts due to Mr. Lilly and by failing to sell the IPs as required by the Lilly Note to cover the amount due.

23. As a result of Pebblekick's conduct and failure to perform its obligations under the Lilly Note, Mr. Lilly has suffered and is entitled to recover damages totaling at least $2,681,721.60 or an amount to be determined at trial, in addition to all other remedies available to him, including but not limited to costs, attorney fees, and interest.

**SECOND CAUSE OF ACTION**
**(Conversion)**

24. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though specifically set forth herein.

25. Upon information and belief, Pebblekick, by fraudulent action, willfully converted Plaintiff's investments without lawful justification.

26. As a result of Pebblekick's actions, Plaintiff has been deprived of the exclusive use and possession of their property.

27. Plaintiff was entitled to immediate possession of their property at the time of repayment evidenced by the Notes. Defendant's failure to pay has resulted in monetary damages in an amount to be determined at trial but in no event less than $2,681,721.60.

28. On information and belief, Defendant's conversion of Plaintiff's property was willful and malicious, or otherwise manifested a knowing and reckless indifference toward, and a disregard of, Plaintiff's rights, and, as a result, Defendant should be required to pay punitive damages in an amount to be determined at trial but in no event less than $2,681,721.60, plus costs, attorney fees, and interest.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

29. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though specifically set forth herein.

30. Plaintiff advanced funds to Pebblekick in accordance with the terms of their respective Notes.

31. The payments made by Plaintiff conferred a benefit upon Pebblekick, allowing it to purchase the IPs required to continue operating its business or to otherwise benefit its business.

32. Pebblekick had knowledge and information that Plaintiff's payments conferred a benefit upon it, namely that the payments allowed Pebblekick to purchase additional IPs as outlined in the Notes or to otherwise benefit its business.

33. Pebblekick accepted Plaintiff's payments, retained the funds received for its own use, and failed to remit payment to Plaintiff as required by the Note and the subsequent conversations relating to the Note wherein Pebblekick promised repayment and new repayment terms.

34. It would be unjust under the circumstances for Pebblekick to retain the benefits conferred upon it by Plaintiff without payment to Plaintiff for fair value.

35. As a direct and proximate result of this unjust enrichment, Plaintiff has suffered damages in an amount to be determined at trial but in no event less than $2,681,721.60, to include costs, attorney fees, and interest.

## JURY DEMAND

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, on each of their Causes of Action, Plaintiff prays for judgment in their favor and against Pebblekick as follows:

1. For damages in an amount pleaded herein and to be determined at trial, but in no event less than $2,681,721.60;

2. For exemplary and punitive damages as allowed by law;

3. For an award of costs, attorney fees, and interest as allowed by law; and

4.   For such other relief as the Court deems just and reasonable under the circumstances.

DATED this 23rd day of March, 2022.

CLYDE SNOW & SESSIONS

*/s/ Matthew A. Steward*
Matthew A. Steward
Wayne Z. Bennett
Brian D. Tuttle
*Attorneys for Plaintiff*
